IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 04-12461 (ESL) |
| ELISEO MORALES GARCIA; MARIBEL MENA MELENDEZ | CHAPTER 7 |
| Debtor | |
| NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE | ADV. PROC. NO. 15-00052 (ESL) |
| Plaintiff/Trustee | |
| vs. | |
| NELSON L. MARCHAND SERRANO ET. AL. | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Order Denying Motion to Dismiss and for Additional Findings of Facts and Conclusions of Law* (the "Motion for Reconsideration") filed by the co-defendants, Francisco J. Amundaray-Rodriguez, Esq. and María E. Villares- Señeriz Esq., (hereinafter referred to as the "Defendants") on May 16, 2016 (Docket No. 57). Defendants allege that the court should reconsider its *Opinion and Order* entered on May 2, 2016 (Docket No. 55) and this adversary proceeding should be dismissed primarily due to the following: (i) the issue of the alleged violation of the automatic stay is already pending adjudication by the probate court; (ii) this adversary proceeding is trying to resolve the same legal issues as Adversary Proceeding 10-00170 in which the Bankruptcy Appellate Panel determined that this court lacked jurisdiction; and (iii) the court should have made additional finds of fact and conclusions of law in particular, that the purchase of hereditary shares agreements and promissory notes are executory contracts, and since the

-1-

Chapter 7 Trustee (the "Trustee") failed to assume these executory contracts the same are deemed rejected. The Trustee in her *Opposition to Motion for Reconsideration* (Docket No. 65) argues that: (i) the Defendants' arguments brought forth in their motion for reconsideration were not raised in the *Motion to Dismiss*; (ii) the Trustee did not request the probate court in its *Motion in Opposition to Motion for Summary Judgment* to rule on the validity and/ or extent of the automatic stay; and (iii) the argument that the sales contracts are executory in nature is being raised for the first time in the motion for reconsideration. These sales contracts are not executory in nature pursuant to section 365 because the contractual obligations of the parties were fulfilled in their entirety.

For the reasons stated below the *Motion for Reconsideration* is hereby denied.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A).  Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

Procedural Background

The procedural background leading to the *Opinion and Order* is detailed in the same. See Wiscovitch Rentas v.  Marchand Serrano et al. (In re Morales Garcia), 553 B.R. 1, 3-8 (Bankr. D.P.R. 2016).

*Position of the Parties*

Defendants request for reconsideration is based upon the following: (i) the issue of the alleged violation of the automatic stay is already being considered by the probate court in case No. DAC1999-1252 (505); (ii) this adversary proceeding is trying to resolve the same issues as adversary proceeding 10-00170 in which the Bankruptcy Appellate Panel determined that the court lacked subject matter jurisdiction; (iii) the court should have made additional findings of fact and conclusions of law in particular, that the promissory notes (which resulted from the public deeds titled, "Sale of Hereditary Right, Cession of Rights and Shares") that were

executed were all executory contracts and that the Chapter 7 Trustee failed to assume these contracts within 60 days after the order of relief pursuant to 11 U.S.C. §365(d)(1), thus the same must be deemed rejected; (iv) that the automatic rejection of these agreements gave the Defendants, as the other party to the contract the right to assert a claim for damages arising from that rejection as well as for any pre-petition default; and (v) the Chapter 7 Trustee has no private right of action for damages resulting from the automatic stay violations. The Trustee is limited to the civil contempt remedy provided by 11 U.S.C. §105(a) if she can prove that the Defendants violated the discharge injunction under 11 U.S.C. §524(a).

The Trustee in her *Opposition to Motion for Reconsideration* argues that: (i) the Defendants' arguments brought forth in their motion for reconsideration were not raised in the *Motion to Dismiss*; (ii) the Trustee did not request the probate court in its *Motion in Opposition to Motion for Summary Judgment* to rule on the validity and/ or extent of the automatic stay. The request in the *Opposition to Motion for Summary Judgment* is that the state court not rule on the issue of the violation of the automatic stay since the state court is not the proper court to entertain this matter because it does not have the experience or expertise to adjudicate this issue. Moreover, Plaintiff informed the state court of the instant complaint in a hearing held on February 20, 2016; and (iii) the argument that the sales contracts are executory in nature is being raised for the first time in the motion for reconsideration. These sales contracts are not executory in nature pursuant to section 365 because the contractual obligations of the parties were fulfilled in their entirety.

Applicable Law and Analysis

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d

-3-

167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994).   Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).   "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served.  If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time, it falls under Rule 60(b)."  In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243.  Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.")  "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling."  In re Lozada Rivera, 470 B.R. at 113.  Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'"  *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

In this case, Defendants' *Motion for Reconsideration* was filed within the fourteen (14) day period, but the Defendants' request for reconsideration is premised upon Fed. R. Civ. P. 60(b), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9024. Thus, the court will consider the same under Fed. R. Civ. P. 60(b) since it is the substance of the motion that is controlling. "It is the invariable rule, and thus, the rule in the [First Circuit], that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." RBSF, LLC v. Franklin (In re Franklin), 445 B.R.

---

[1] See Fed. R. Bankr. P. 9023.

34, 45 (Bankr. D. Mass. 2011)(quoting Teamsters, Chauffers, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F. 2d 17, 20 (1st Cir. 1992)).  Fed. R. Civ. P. 60(b) provides in pertinent part:

> "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(a);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b)(1)-(6) offers six (6) independent reasons for relief. The motion for reconsideration did not clearly indicate which of these reasons justified relief in this case. The Defendants do not argue the existence of mistake, inadvertence or excusable neglect. They do not offer newly discovered evidence nor argue that there is a manifest error of law or point to fraud. Rather, the Defendants in their motion for reconsideration reference Fed. R. Civ. P. 60(b) and use bold letters only for Fed. R. Civ. P. 60(b)(6) which is a catch-all provision that requires the movant to demonstrate "any other reason which justifies relief," "which authorizes relief for 'any other reason'—that is, any reason not encompassed within the previous five clauses—that might justify relief." Rivera Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F. 3d 1, 4 (1st Cir. 2014).  Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances" that justify "extraordinary" relief. See E. Sav. Bank fsb v. Lafata (In re Lafata), 344 B.R. 715, 722 (B.A.P. 1st Cir. 2006) citing Valley Citizens for a Safe Environment v. Aldridge, 969 F. 2d 1315, 1317 (1st Cir. 1992). "This provision, which provides for relief from a judgment based on

'any other reason,' is a 'grand reservoir of equitable power to do justice in a particular case.' The provision 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" 12-60 <u>Moore's Federal Practice- Civil</u> §60.48[1].

Defendants first argument under Rule 60(b)(6), namely "any other reason which justifies relief" is that the issue of the alleged violation of the automatic stay is already being considered by the probate court in case No. DAC1999-1252 (505).  Contrary to this assertion, the Trustee's position is that she did not request the probate court in its *Motion in Opposition to Motion for Summary Judgment* to rule on the validity and/ or extent of the automatic stay. Also, contrary to the Defendant's allegations, the Trustee clarifies that the request in the *Opposition to Motion for Summary Judgment* is that the state court not rule on the issue of the violation of the automatic stay since the state court is not the proper court to entertain this matter because it does not have the experience or expertise to adjudicate this issue.

> As to this particular issue, this court in its Opinion and Order stated as follows:
> "[t]he Court infers from the parties' motions in this adversary proceeding, that the issue of whether the Defendants have willfully violated the automatic stay pursuant to 11 U.S.C. §362(a) is not before the state probate court, and thus, the state probate court has not adjudicated this issue. Therefore, this court concludes that it has subject matter jurisdiction to rule upon the applicability of the automatic stay to a prepetition state court proceeding." <u>In re Morales Garcia</u>, 553 B.R. at 12.

This court concludes that Defendant's argument is unfounded and misleading because it is evident that the Trustee did not request the state court to rule on an alleged violation of the automatic stay via an *Opposition to the Motion for Summary Judgment*. Contrary to the Defendant's allegations, the Trustee's position in the *Opposition to the Motion for Summary Judgment* was that the Bankruptcy Court was the only court with jurisdiction to determine whether there was a violation to the automatic stay (Docket No. 57, pg. 24). Moreover, the Trustee's key argument in her *Opposition to the Motion for Summary Judgment* was that the probate court is devoid of jurisdiction to determine whether the agreements (contracts) regarding the "sale of hereditary right, cession of rights and shares" are valid or not and to

determine whether the hereditary participations (shares) are property of the bankruptcy estate (Docket No. 57, pgs. 25-26). However, these issues are for the probate court to determine.

Defendants' second argument is that this adversary proceeding is trying to resolve the same issues as adversary proceeding 10-00170 in which the Bankruptcy Appellate Panel determined that this court lacked subject matter jurisdiction. The court finds that this particular issue was discussed thoroughly in this court's Opinion and Order and adjudicated upon. See In re Morales Garcia, 553 B.R. at 11-13. This court's holding regarding this particular issue of lack of subject matter jurisdiction to determine an alleged violation of the automatic stay was as follows:

> "[t]he issue before the court is whether it has subject matter jurisdiction to adjudicate an alleged willful violation of the automatic stay pursuant to 11 U.S.C. §362(a) in a state court probate case in which the Trustee seeks to collect monies for the benefit of the bankruptcy estate premised upon the ownership of 78.54% of the hereditary participations (shares) which are property of the estate. The court finds that determining whether the Defendants violated the automatic stay in a state court proceeding is not infringing upon the narrow probate exception of disposing of property that is in the custody of the state probate court. The BAP's decision gave broad authority to litigate claims before the state court, but did not authorize collection action against the bankruptcy estate." Id. at 13.

Defendants' third and fourth arguments consist in that this court should have made additional findings of fact and conclusions of law, in particular that the agreements regarding the sale of hereditary right, cession of rights and shares and the resulting promissory notes related to these sales are all executory contracts and that the Chapter 7 Trustee failed to assume these contracts (agreements) within 60 days after the order of relief pursuant to 11 U.S.C. §365(d)(1). Thus, Defendants argue that these agreements must be deemed rejected resulting in a claim for damages resulting from the rejection as well as for any pre-petition default. The arguments that the Defendants brought forth in their *Motion to Dismiss* were the following: (i) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a

claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); (ii) the recoupment claim defense was made by the state court defendants against the Debtors and/or their bankruptcy estate; and (iii) the document attached and filed as an Exhibit to the complaint pertaining to this adversary proceeding is in the Spanish language, without a certified translation and thus, should be disregarded by the court (Docket No. 34). Defendants' position regarding that the court should have made the legal conclusion that these agreements were executory contracts, and since the Trustee failed to accept them, the same are deemed rejected, is meritless. The court is unable to reconsider an argument that has never been presented in this proceeding and is being presented for the first time in a motion for reconsideration. See Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted) ("A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment").

The Defendant's last argument is that the Trustee has no private right of action for damages resulting from the automatic stay violations under 11 U.S.C. §362(k). The Trustee is limited to the civil contempt remedy provided by 11 U.S.C. §105(a) if she can prove that the Defendants violated the discharge injunction under 11 U.S.C. §524(a). The court finds that it is unable to reconsider an argument that has never been presented in this proceeding and is being presented for the first time in a motion for reconsideration. Thus, Defendants' last argument is unfounded.

Conclusion

For the reasons set forth above, the *Motion for Reconsideration* (Docket No. 57) is hereby denied. The *Motion for Reconsideration* did not clearly indicate which of these reasons justified relief in this case, and did not argue the existence of mistake, inadvertence or excusable neglect, and did not offer newly discovered evidence nor argue that there is a manifest error of law or point to fraud. The court further concludes that the Defendants arguments failed to demonstrate any 'other reason' that justified relief under the catch-all provision as has been explained herein.

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of January, 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge

-9-